**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5250

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL ANTONIO ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, District Judge. (6:06-cr-00012-nkm-2)

Submitted: May 25, 2007                    Decided: July 9, 2007

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michelle C.F. Derrico, COPENHAVER, ELLETT & DERRICO, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Edward A. Lustig, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Carl Antonio Robinson was convicted of one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (2000); one count of distribution or aiding and abetting in distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(2000). Robinson was also convicted of one count of conspiracy to distribute five or less grams of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court sentenced Robinson to seventy months' imprisonment. Robinson now appeals the district court's judgment, challenging only his sentence. For the reasons that follow, we affirm.

Robinson first asserts that his Sixth Amendment rights were violated because the district court, instead of the jury, determined the drug weight used in calculating Robinson's advisory guideline range. However, because the district court sentenced Robinson under an advisory guideline scheme, no Sixth Amendment error occurred. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (in post-Booker[*] sentencing, district court should make all factual findings appropriate to determination of advisory guideline range).

---

[*]United States v. Booker, 543 U.S. 220 (2005).

Robinson also argues that the district court's finding of the drug weight used in calculating his advisory guideline range was not supported by the preponderance of the evidence. We review findings of fact related to a district court's application of the sentencing guidelines for clear error. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). Because trial testimony supports the district court's calculations of drug weight, the district court did not clearly err in making these factual findings. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996) (noting that approximation of amount of drugs for sentencing not clearly erroneous if supported by competent record evidence).

Finally, Robinson alleges that the district court should have granted him a downward departure for diminished capacity pursuant to U.S. Sentencing Guidelines Manual § 5K2.13, p.s. (2005). However, a district court's failure to grant a downward departure is not reviewable unless a district court was under the mistaken impression that it lacked the authority to depart. United States v. Matthews, 209 F.3d 338, 352 (4th Cir. 2000); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006)

(collecting cases declining to review a district court's decision not to depart, even after <u>Booker</u>).  Here, the district court clearly understood its authority to depart.  Accordingly, this claim is not cognizable on appeal.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>